# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

WILLIAM J. MARTIN
    JUDGE

## **LETTER OPINION**

January 24, 2011

Anthony J. Laura
Patton Boggs LLP
One Riverfront Plaza
Newark, New Jersey 07102
    (*Attorney for Plaintiff*)

John L. Shahdanian, II
Thomas Rudolph Kobin
Chasan Leyner & Lamparello, PC
300 Harmon Meadow Boulevard
Secaucus, New Jersey 07094
    (*Attorneys for Defendants Elwell, Prieto, Massaro, Leanza, Town of Secaucus*)

David T. Pfund
Pfund McDonnell, P.C.
139 Prospect Street, 2nd Floor
Ridgewood, New Jersey 07450
    (*Attorney for Defendant Secaucus Municipal Utilities Authority*)

Jaime Richard Placek
McManimon & Scotland, LLC
One Riverfront Plaza, Fourth Floor
Newark, New Jersey 07102
    (*Attorney for Defendant Secaucus Municipal Utilities Authority*)

    RE:    Damascus Bakery, Inc. v. Elwell, et al.
               **Civ. No. 08-1568 (WJM)**

Dear Counsel:

This matter comes before the Court on Plaintiff Damascus Bakery, Inc.'s motion for reconsideration of the Court's August 25, 2010 Order granting Defendants' motion for summary judgment. Plaintiff contends that the Court mistakenly excluded Defendant Elwell's Criminal Complaint when making its determination, and therefore summary judgment should have been denied. After further review of the papers and exhibits in this matter, Plaintiff's motion for reconsideration is **DENIED** for the reasons set forth below.

I.   BACKGROUND[1]

Plaintiff Damascus Bakery, a commercial wholesale bakery that produces flat breads, is headquartered in Brooklyn, New York. Plaintiff brought an action against the Town of Secaucus, the Secaucus Municipal Utilities Authority ("SMUA"), and several Secaucus town officials – Dennis Elwell, Vincent Prieto, Vincent Massaro, and Frank Leanza. Defendant Elwell was the mayor of Secaucus during the time period referenced in Plaintiff's complaint. Defendant Prieto was the town Construction Official, Defendant Massaro was the town Fire Official, and Defendant Leanza was Town Attorney.

Interested in expanding its operations, Damascus selected a manufacturing site located at 10 Enterprise Avenue in Secaucus, New Jersey and entered into a lease with Hartz Mountain Industries to rent this location on or about March 22, 2007. (Cert. of Thomas R. Kobin ("Kobin Cert."), Ex. 1; Pl.'s Resp. to Secaucus Defs.' Statement of Material Facts ¶¶ 8, 9.) Soon thereafter, Damascus applied for a zoning certificate from the New Jersey Meadowlands Commission ("NJMC"). (Cert. of Anthony J. Laura ("Laura Cert.") Ex. C.) NJMC coordinates the development of approximately 21,000 acres of land spanning parts of fourteen municipalities, including Secaucus. (Secaucus Defs.' Statement of Material Facts ¶ 19.) On May 15, 2007, Plaintiff's application was granted, and the zoning certificate issued by NJMC specified that "[a]pplication must be made to the Town of Secaucus for a building permit."[2] (Kobin Cert. Ex. 9.)

---

[1] The following facts are undisputed unless noted otherwise. The Court reviews such facts in the light most favorable to the non-moving party. *See Pennsylvania Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995).

[2] While Secaucus was invited by NJMC to comment on Damascus' pending zoning application after it was filed, Secaucus failed to do so until two weeks after the zoning certificate was issued. (Kobin Cert. Ex. 10.) NJMC responded to the comment letter sent by Defendant Elwell, then Mayor of Secaucus, and rejected his opposition. Secaucus then appealed NJMC's decision to issue the zoning certificate to Damascus, arguing that changing the property's use from a warehouse to a 24/7 manufacturing facility was improper. This appeal was denied by the Appellate Division on November

This case arose from the building permit approval process in Secaucus. Plaintiff filed a complaint alleging that it was subjected to "political maneuvering, stonewalling and corruption," which delayed the issuance of a necessary building permit. (Pl.'s Br. 1, 4.) Specifically, Plaintiff contended that it was unfairly subjected to heightened scrutiny, as demonstrated through delays caused by: (1) Defendant SMUA's approval of the construction permit; (2) Defendant Vincent Prieto and NJMC's requirement that a fire lane be drawn into the site plans because the facility was going to change to an "H-2 hazard use;" and, (3) Defendant Prieto's request that additional parking spaces be included in Plaintiff's plan since the fire lane reduced available parking. Defendants filed motions for summary judgment, which the Court granted in their favor on August 25, 2010. *Damascus Bakery, Inc. v. Elwell*, Civ. No. 08-1568, 2010 U.S. Dist. LEXIS 87535 (D.N.J. Aug. 25, 2010) ("August 25 Letter Opinion"). Now, in the instant action, Plaintiff files this motion for reconsideration of the Court's August 25 Letter Opinion and Order granting summary judgment in favor of the Defendants.

## II.   STANDARD OF REVIEW

A motion for reconsideration under Local Civil Rule 7.1(i) may be granted only if: (1) there has been an intervening change in the controlling law; (2) evidence not available when the Court issued the subject order has become available; or (3) it is necessary to correct a clear error of law or fact to prevent manifest injustice. *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

Relief by way of a motion for reconsideration is considered an "extraordinary remedy," to be granted only sparingly. *NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1999). A motion for reconsideration should not be treated as an appeal of a prior decision. *See Morris v. Siemens Components, Inc.*, 938 F. Supp. 277, 278 (D.N.J. 1996) ("A party's mere disagreement with a decision of the district court should be raised in the ordinary appellate process and is inappropriate on a motion for reargument." (citing *Bermingham v. Sony Corp.*, 820 F. Supp. 834, 859 n. 8 (D.N.J. 1992), *aff'd*, 37 F. 3d 1485 (3d Cir. 1994))). It is improper for the moving party to "ask the court to rethink what it ha[s] already thought through-rightly or wrongly." *Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990).

## III.   DISCUSSION

Plaintiff contends that the Court overlooked the allegations of the sworn Criminal

---

14, 2008 and NJMC's issuance of the zoning certificate was upheld. (Kobin Cert. Ex. 3.)

3

Complaint against Dennis Elwell ("Criminal Complaint") by finding it was inadmissible hearsay and declining to consider it. Specifically, Plaintiff's three-point motion asserts that: (1) reconsideration should be granted; (2) the hearsay rule does not bar the admissibility of the Criminal Complaint; and (3) summary judgment should not have been granted given all the admissible evidence viewed in a light most favorable to the Plaintiff. (Pl.'s Mt. for Recons.) Defendants, on the other hand, contend that a motion for reconsideration is not the appropriate venue to hear these arguments. Moreover, Defendants argue that the Court properly barred consideration of the Criminal Complaint as it is not admissible evidence. Lastly, Defendants also argue that even if the Court does hear this motion for reconsideration and the Complaint is admitted into evidence, its admission would not defeat summary judgment.

### A. Admissibility of the Criminal Complaint

In the August 25 Letter Opinion, this Court found the Criminal Complaint to be hearsay, and declined to consider it for the purposes of the summary judgment motion. (August 25 Letter Opinion, at 7.) Plaintiff contends that the Criminal Complaint should have been considered, arguing: (1) that the contents are not offered for the truth of the matters asserted; (2) that it is a party admission admissible as non-hearsay; and (3) that it is admissible under the public records exception. Defendants contend that the Criminal Complaint was properly excluded from consideration, arguing: (1) it does not constitute relevant evidence; (2) it is hearsay offered for the truth of the matter asserted; (3) it is not a party admission as it is not Elwell's own statement; and (4) it does not constitute an admissible public record. However, the admissibility of the Criminal Complaint is relevant only if reconsideration is appropriate and if consideration of the Criminal Complaint would defeat Defendants' motion for summary judgment. Even if the Court assumes the Criminal Complaint is admissible, for the reasons discussed below reconsideration is not warranted.

### B. Summary Judgment Would Still be Granted

Summary judgment is appropriate "if the pleadings, the discovery [including depositions, answers to interrogatories, and admissions on file,] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). Even considering the Criminal Complaint, this standard has still been met as Plaintiff has not produced sufficient evidence from which a jury could find that Defendants acted in a manner which "shocks the conscience." *See United Artists Theatre Circuit, Inc. v. Township of Warren*, 316 F. 3d 392, 399 (3d Cir.

4

2003).

The August 25 Letter Opinion already addressed Plaintiff's attempts to connect the different Defendants to show that SMUA deliberately delayed the issuance of the building permit. This Court found that the evidence presented to show this corruption amounted to nothing more than speculation and conjecture. (Aug. 25 Letter Op., at 9.) The addition of the Criminal Complaint would not change this analysis, as it was only introduced in the first place to show a backdrop of "cronyism and corruption" in Secaucus. (*Id.*, at 7.) While the August 25 Letter Opinion does focus on the inadmissibility of the Criminal Complaint, and while Plaintiff points to the Court's statement that "[t]he remaining record evidence does not support the finding of a substantive due process violation" to show that the Criminal Complaint would change the analysis, Plaintiff's substantive due process violation did not fail only because the Criminal Complaint was not considered. (*Id.*) Instead, the Court's finding that Plaintiff's arguments "ask[] the Court to assume that it encountered corrupt township officials and an atmosphere conducive to bribery," is the reason at the heart of the Court's August 25 Letter Opinion. (*Id.*, at 7-8.) Whether or not the Criminal Complaint is admissible, the fact remains that there is no evidence of a link between Defendant Elwell and the facts surrounding the SMUA's approval process. The Criminal Complaint does not change the fact that when all the evidence is viewed in the light most favorable to Plaintiff, there is no issue of material fact regarding the substantive due process claim. Even including the Criminal Complaint, Plaintiff submitted insufficient evidence to demonstrate a "level of corruption or self-dealing which is so egregious that it shocks the judicial conscience for the purposes of a substantive due process violation." (*Id.*, at 8 (quoting *Bezerra v. DeLorenzo,* Civ. No. 07-5670, 2010 WL 2667185, at *10 (D.N.J. Jun. 23, 2010)).)

  C. <u>Motion for Reconsideration Standard has not Been Met</u>

As stated above, Local Rule 7.1(i) permits reconsideration if: (1) there has been an intervening change in the controlling law; (2) evidence not available when the Court issued the subject order has become available; or (3) it is necessary to correct a clear error of law or fact to prevent manifest injustice. *Max's Seafood Café*, 176 F.3d at 677 (3d Cir. 1999). Here, Plaintiff points to no intervening change in controlling law or newly available evidence. Therefore, reconsideration is only appropriate if the Court made a clear error that must be corrected to prevent manifest injustice.

Plaintiff's main argument is that the exclusion of the Criminal Complaint was in error and must be corrected on reconsideration. As explained above, consideration of the Criminal Complaint would not change the Court's summary judgment analysis, therefore even if its exclusion was in error no injustice has occurred. Plaintiff's motion for

reconsideration also claims that the Court (1) "overlooked" other evidence of Elwell's influence, (2) "glossed over" comments that the SMUA was acting "under orders," (3) erred in disposing of Plaintiff's equal protection claim, and (4) erred in finding the *Monell* test for municipal liability was not met. These arguments simply rehash what has already been considered and decided on by the Court. First, the Court has already found that Plaintiff has not shown any evidence of acts by Elwell that "shocks the judicial conscience." (Aug. 25 Letter Op., at 8.) Second, the Court did not "gloss over" evidence presented that SMUA employees were "working under orders," but instead considered the evidence and found it to be only insufficient "nebulous impressions." (*Id.*) Third, the Court has already considered Plaintiff's equal protection claim and dismissed it, and the motion for reconsideration does not provide any new argument in support of the claim. (*Id.* at 10.) Finally, even assuming the existence of a constitutional violation, the Court's respondeat superior analysis remains unchanged as Plaintiff has still failed to show an "official municipal policy." (*Id.* at 10-11). Therefore, as Plaintiff has failed to show any manifest injustice that the Court needs to correct, reconsideration of the Court's decision granting Defendants' motion for summary judgment is not warranted.

## IV.  CONCLUSION

For the foregoing reasons, the motion for reconsideration filed by Plaintiff, Damascus Bakery, Inc., is **DENIED**. An Order follows this Letter Opinion.

　　　　　　　　　　　　　　　　　　/s/ William J. Martini  
　　　　　　　　　　　　　　　　　**WILLIAM J. MARTINI, U.S.D.J.**